BRANDT-ROSEN, INC., Plaintiff, *v.* MAX GOLDEN and Others, Defendants.

Supreme Court, New York County, January 11, 1932.

*Frederick Malcolm Wolf*, for the plaintiff.

*Kopp, Markewich & Null* [*Samuel Null* and *Arthur K. Garfinkel* of counsel], for the defendants.

SCHMUCK, J. On the facts as elicited at this trial there can be no doubt that the defendants, particularly as represented by the union, indulged in conduct far in excess of the privilege accorded by law. Since *Exchange Bakery & Restaurant* v. *Rifkin* (245 N. Y. 260), the extent to which a trade union can go in its quarrel with an employer of labor is no longer debatable, and abuse of that privilege in consequence as a general rule is no longer excusable or condoned. It is as essential to protect the right of the individual to conduct his business as he wishes, free from interference by force or threat, as it is to defend the right of the other contestant in a labor dispute to engage in any peaceful means to gain individual and popular favor for its members. Without prejudice or bias for either capital or labor, the necessities of present political economy have impelled the law to declare in no unmistakable language the road to be traveled by the principals in a strike. By signposts not to be disregarded they are warned that no untoward conduct will be tolerated, that lack of consideration of the rights of others will not be excused, and that abuse of privilege will be penalized. It is given to a union to declare a strike, and in furtherance thereof, in order to adversely affect the business against which the strike is declared, to, on the one hand, solicit and entreat the employees to desert their tasks, and, on the other, to appeal for popular approval. To effect this the law recognizes the effectiveness of picketing. This powerful weapon

must, however, be used as the law provides. It cannot be subverted from peaceful to aggressive and tyrannical means. Much as the law seeks to succor the privilege of labor to defend its interests and solidify its ranks, it is equally concerned with the need of safeguarding the prerogatives of ownership. Whether a shop is or is not unionized, unless by contract the employer limits his right to control his establishment, his right to employ only those who please him, whether members of the union or not, cannot be denied; and the courts must recognize his inalienable right to dominate the use of his property regardless of the sentiments of others. It is certain that some of the members of the union, as well as the individual defendants, after the declaration of the strike, did overstep the bounds of propriety; but I am inclined to believe that this was due rather to hysteria common to the female when under undue excitation than to willfulness.

In decreeing judgment for the plaintiff, it is adjudged that the defendants be enjoined and restrained from any other activity than picketing, and that in the exercise of that right only two members of the union be used at one and the same time. If there be a violation of this provision, or if any interference by physical means or moral suasion interrupting the course of the plaintiff's business be used, then on proof of such facts the judgment may be amended forbidding the right to picket. The court's attention having been drawn to the affidavit of the plaintiff on the application for a bill of particulars, wherein an unequivocal statement is made that no money damages are demanded, no consideration will be given to the plea for pecuniary compensation for loss of business. The affidavit will be considered as a stipulation limiting the issue to injunctive relief. Costs to the plaintiff. Settle findings and judgment. Exception to defendants.